# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RANDALL S. HINRICHS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED PARCEL SERVICE, INC., )<br>an Ohio corporation, )<br>)<br>Defendant. ) | Civil Action No. CIV-16-0281-HE |

## PLAINTIFF'S ORIGINAL COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff, Randall S. Hinrichs, files this action against Defendant, United Parcel Service, Inc. ("UPS"), and by way of complaint against Defendant, alleges the following:

## NATURE OF ACTION

1.1   This jury action seeks redress for Defendant's violation of the laws of the United States and the State of Oklahoma in connection with the termination of Plaintiff's employment. The action specifically seeks to enforce rights created under the Family and Medical Leave Act ("FMLA") 29 U.S.C. §2601, et seq. and the Americans with Disabilities Act of 1990, as amended ("ADA").  As redress for Defendant's violation of the FMLA and ADA, Plaintiff prays for and demands declaratory, legal and equitable relief, including back pay, reinstatement, or, in the alternative, front pay, liquidated damages and attorney's fees and costs.

## JURISDICTION AND VENUE

2.1   This Court has jurisdiction over Plaintiff's FMLA claim brought under federal law and this suit is authorized and instituted pursuant to 29 U.S.C. §2617(a)(2).

2.2   At all times material to this action and at Plaintiff's leave request, Plaintiff was an employee who had been employed for at least twelve (12) months by Defendant and had worked

for at least 1,250 hours of service with Defendant during the previous twelve (12) month period within the meaning of 29 U.S.C. §2611(2)(A).

2.3     Venue is proper in this Court, pursuant to 28 U.S.C. §1391, because all or a substantial part of the events or omissions giving rise to the claims set forth herein occurred within the judicial district of this Court, and because Defendant resides within the judicial district of this Court.

2.4     Plaintiff was an "employee" of Defendant, and Defendant was the "employer" of Plaintiff, within the meaning of 29 U.S.C. §2611(2)(A) and (4)(A) of the FMLA.

2.5     All conditions precedent to Plaintiff's entitlement to relief in this action have been fulfilled and satisfied.

## PARTIES

3.1     Plaintiff is a male citizen of the United States and a resident of Tulsa County, Oklahoma.

3.2     At all times material to this action, Defendant has continuously been and is a domestic corporation registered to do business in the State of Oklahoma. Service of this Original Complaint and Demand for Jury Trial may be accomplished by serving its registered agent: The Corporation Service Company, 115 SW 89th Street, Oklahoma City, Oklahoma, 73139.

## BACKGROUND FACTS

4.1     The Plaintiff began his employment with UPS in 2014 as a pre-loader in Tulsa, Oklahoma. In 2015, at the time of the occurrence which is the cause of this action, Plaintiff was working as a part-time supervisor at the same location.

4.2     Prior to obtaining employment with the Defendant, the Plaintiff had contracted large B-cell lymphoma. Due to radiation treatment received and scars on Plaintiff's neck, and possibly other conditions and/or treatments, Plaintiff was not to shave his neck.

4.3     Plaintiff had previously notified his immediate supervisor, Regan Killian, of his condition. Plaintiff had also notified other supervisors of Defendant of Plaintiff's condition.

4.4     On or about the 15th day of May, 2015, Plaintiff was told to "write himself up" by Regan Killian's supervisor, Shannon Williams, for not being clean shaven.

4.5     Plaintiff did inform Mr. Williams and Ms. Killian that Plaintiff was not to be clean shaven due to his medical condition. Plaintiff offered to bring a doctor's note, but Mr. Williams stated, "I don't want a doctor's note, I want you clean shaven".

4.6     Plaintiff informed Mr. Williams on May 15, 2015, that Mr. Williams could not make Plaintiff shave pursuant to the American Disabilities Act.

4.7     On May 25, 2015, Plaintiff was discharged by Defendant for allegedly violating Defendant's attendance policy. When Plaintiff disputed the attendance policy allegation, Defendant made other excuses and discharged Plaintiff from his job.

4.8     Plaintiff was not informed of his FMLA or ADA rights at any time.

### COUNT I:  FMLA

(Interference, Restraint or Denial of FMLA Rights)

5.1     Plaintiff incorporates and re-alleges in full paragraphs 1.1 through 4.8 of this Original Complaint.

5.2     Plaintiff worked for the Defendant for at least twelve (12) months and the Defendant has continuously employed and does employ fifty (50) or more employees within the meaning of 29 U.S.C. §2611(2).

5.3   All conditions precedent to the prosecution of this cause of action by the Plaintiff have been satisfied.

5.4   At all times material to this action, Defendant has retaliated and/or interfered with, restrained, and denied to Plaintiff the exercise of and attempted exercise of rights under §2615(a)(1) of the FMLA by Defendant's actions and omissions, including, but not limited to, the Defendant's terminating Plaintiff's employment under an attendance policy for not informing Plaintiff of FMLA qualified leave and by failing to rehire or reinstate Plaintiff to his position with all benefits.

5.5   As a direct and proximate result of Defendant's violation of the FMLA, the Plaintiff has been damaged by the loss of his employment with the Defendant and the loss of compensation, including salary/wages and employee benefits he would have received as an employee of Defendant had his rights under the FMLA not been interfered with, restrained or denied, or had he not been retaliated against for his exercise and/or attempted exercise of his FMLA rights.

5.6   In violating the FMLA, the Defendant acted with malice and with reckless indifference to the federally protected rights of the Plaintiff within the meaning of 29 U.S.C. §2617(a)(1)(A)(iii) of the FMLA.

5.7   As a direct and proximate result of the Defendant's violation of the FMLA, Plaintiff has also suffered other pecuniary losses, the type and amount of which will be established at the trial of this cause.

## COUNT II:  ADA

6.1   Plaintiff incorporates and re-alleges in full paragraphs 1.1 through 5.7 of this Original Complaint.

6.2    Plaintiff timely filed a discrimination charge with the EEOC. Plaintiff received a right to sue from the EEOC within 90 days from the filing of this complaint. A copy of said notice is attached hereto as **Exhibit 1**.

6.3    Plaintiff had made several requests for an accommodation under the ADA to not be clean shaven, due to Plaintiff's cancer.

6.4    Defendant did deny Plaintiff said accommodation and did, in fact, discharge Plaintiff for not being clean shaven.

6.5    As a direct and proximate result of the Defendant's violation of the ADA, the Plaintiff has been damaged by his loss of employment with the Defendant and the loss of compensation, including salary/wages and employee benefits he would have received as an employee of Defendant had his rights under the ADA not been interfered with, restrained or denied, or had he not been retaliated against for his exercise and/or attempted exercise of his ADA rights.

6.6    As a direct and proximate result of the Defendant's violation of the ADA, Plaintiff has also suffered other pecuniary losses, the type and amount of which will be established at the trial of this cause.

## COUNT III: CIVIL RIGHTS ACT

7.1    Plaintiff incorporates and re-alleges in full paragraphs 1.1 through 6.6 of this Original Complaint.

7.2    Plaintiff, a white/Caucasian, was refused an accommodation to not be clean shaven by the Defendant, through Shannon Williams, an African American male, who was Plaintiff's pre-load manager and/or supervisor.

7.3     Clarence Prevost, an African American male, who was also a part-time supervisor, was allowed to be unshaven due to a medical condition by Defendant, however, Plaintiff was not.

7.4     The above facts show that Plaintiff was discriminated against because of his race in violation of Title VII of the Civil Rights Act of 1964, as amended.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that this Court grant the Plaintiff:

1.      A judgment that Defendant has engaged in all of the conduct alleged in this Original Complaint.

2.      An injunction permanently enjoining Defendant from engaging in the future the discriminatory employment practices alleged in the Original Complaint.

3.      A judgment against Defendant awarding Plaintiff an amount equal to the lost wages and employment benefits had he not been terminated by Defendant in violation of the FMLA.

4.      An order reinstating Plaintiff to the position, seniority and level of compensation, including salary/wages, bonuses and benefits he would have enjoyed had he not been terminated by the Defendant in violation of the FMLA, or, in the alternative, a judgment awarding Plaintiff an amount equal to the front pay, including salary/wages, bonuses and benefits he would have received, from the date of judgment through the date he would have retired or resigned from employment with the Defendant.

5.      An equivalent money judgment awarding Plaintiff liquidated damages, as provided in 29 U.S.C. §2617 (a)(1)(A)(iii).

6.      A judgment against Defendant awarding Plaintiff compensatory damages as redress for Defendant's unlawful conduct.

6

7. A judgment against Defendant in an amount in excess of $75,000.00 for Defendant's conduct in violation of the ADA.

8. A judgment against Defendant in an amount in excess of $75,000.00 for Defendant's conduct in violation of the Civil Rights Act of 1964, as amended.

9. A judgment against Defendant awarding Plaintiff an amount equal to the costs of bringing this action, including a reasonable attorney fee and expert witness fee.

10. A judgment awarding Plaintiff such other legal and equitable relief as may be appropriate, including pre-judgment and post-judgment interest.

Respectfully submitted,

_____
DOUG CAREL, OBA #16192
Attorney at Law
2200 Shadowlake Drive
Oklahoma City, OK 73159
Telephone: (405) 692-8918
Facsimile: (405) 691-1950
dougcarellaw@gmail.com
ATTORNEY FOR PLAINTIFF

**DEMAND FOR JURY TRIAL**

In accordance with Fed. R.Civ.P. 38(b), Plaintiff demands a jury trial of his claims in this action.

_____
DOUG CAREL